**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JUSTIN HAMILTON,

Plaintiff, CASE #

V.

TAJ SILVER STAR INC.,
TAJ LEE INC., TAJ MINTON INC.,
and KARIM M. HEMANI

Defendants.
_______________________________________/

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT & DEMAND FOR JURY TRIAL**

Plaintiff, JUSTIN HAMILTON, by and through the undersigned counsel, herein files this Complaint and sues the Defendants, TAJ SILVER STAR INC, TAJ LEE INC., TAJ MINTON INC., and KARIM M. HEMANI pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act, and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, JUSTIN HAMILTON, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 201 et seq.

2. The FLSA is our nation's foremost wage law. The overtime

requirements of the FLSA were meant to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Throughout Plaintiff's employment with the Defendants, his joint employers, he was required to work in excess of forty (40) hours per week and did so.

4. Pursuant to policy and scheme to avoid paying Plaintiff overtime premiums as mandated by the FLSA, Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

5. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

**PARTIES, JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, et seq.

7. This Court has personal jurisdiction over the Defendants in this action because the Defendants operate substantial business in Orange County, Florida and

the damages at issue occurred in Orange County, Florida.

8. Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

9. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

10. Defendant, TAJ SILVER STAR INC, (Silverstar) is a Florida Profit Corporation with a principal address of 331 W SILVER STAR RD, OCOEE, FL 34761. Defendant Silverstar may be served through its registered agent KARIM M. HEMANI at 331 W SILVER STAR RD., OCOEE, FL 34761.

11. Defendant TAJ LEE INC (Lee) is a Florida Profit Corporation with a principal address of 2626 LEE RD., WINTER PARK, FL 32789. Defendant Lee may be served through its registered agent KARIM M. HEMANI at 71 W GRANT ST., ORLANDO, FL 32806.

12. Defendant TAJ MINTON INC (Minton) is a Florida Profit Corporation with a principal address of 3453 MINTON RD., WEST MELBOURNE, FL 32904. Defendant Minton may be served through its registered agent KARIM M. HEMANI at 71 W GRANT ST., ORLANDO, FL 32806.

13. Defendant KARIM M. HEMANI (Hemani) is the President, Secretary, Treasurer and Registered Agent of Defendants Silverstar, Lee, and Minton. (Hemani, collectively with Silverstar, Lee, and Minton, Defendants).

14. Hemani may be served at his home located at 71 W GRANT ST.,

ORLANDO, FL 32806.

15. Hemani, upon information and belief, managed the day-to-day operations of Silverstar, Lee, and Minton and created the unlawful pay scheme complained of herein.

16. Defendants engage in interstate commerce under the definition of the FLSA and upon information and belief, individually and combined have annual gross revenues of more than $500,000.00 over the past three years and are subject to enterprise coverage under the FLSA.

17. At the direction of Hemani, Silverstar, Lee, and Minton commingled funds, shared policies, procedures, and pay practices such that they are essentially the alter-ego of each other, a single business enterprise and joint employers.

18. At all times material, Plaintiff performed work for Defendants jointly and was subject to a single set of company policies and procedures. Further, his work was directed by managers/officers who concurrently and simultaneously managed the businesses and directed his work.

19. Thus, Defendants are employers as defined by the FLSA and are joint employers of the Plaintiff.

**FACTUAL BACKGROUND**

20. Plaintiff was employed by the Defendants, jointly, as a Store Clerk working at 7-11 stores located at 331 W Silver Star Rd, Ocoee, FL 34761, 3000 W Colonial Dr., Orlando, FL, and 1250 S John Young Pkwy, Orlando, FL from

approximately September 2020 until his termination on February 9, 2022.

21. At the direction of Hemani, Silverstar, Lee, and Minton commingled funds, shared policies, procedures, pay practices and employees such that they are essentially the alter-ego of each other, a single business enterprise and joint employers.

22. Defendants own and operate several 7-Eleven Convenience stores.

23. Plaintiff's primary duties were to wait on Defendants' customers, run the cash register and clean the stores.

24. Defendant Hemani directed or assigned Plaintiff to work at the various 7-Eleven stores owned and operated by Defendants Silver Star, Lee, and Minton.

25. All of Plaintiff's job duties were routine and standardized, according to set procedures created by Defendants, or under the supervision of Defendants, and specifically Hemani.

26. Plaintiff routinely worked hours in excess of 40 per week throughout his employment as a Store Clerk.

27. Defendants paid Plaintiff on an hourly basis.

28. Regardless of which store he was working at, Plaintiff performed all of his job duties in the same manner and form.

29. Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was not paid all of his overtime compensation, as Defendants did not pay him the half time premium owed for all

hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

30. On some of his shifts, Plaintiff was allowed to clock in and out his actual work times. However, on some shifts, Defendants directed Plaintiff to not clock in and out his actual work times.

31. Defendants controlled the manner in which Plaintiff was to perform his work, Plaintiff did not have any opportunity for profit or loss depending on his managerial skill, Plaintiff made no investment in equipment or materials required for his work, Plaintiff's services rendered did not require special skills, and Defendants were Plaintiff's sole source of income during his employment with Defendants.

32. The services performed by Plaintiff were essential, necessary and an integral part of the business conducted by Defendants.

33. Plaintiff's job position was subject to the FLSA wage provisions.

**COUNT I**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**29 U.S.C. § 201, *et seq*.**

34. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

36. The Defendants are Plaintiff's "employer" within the meaning of 29

U.S.C. Section 203(d).

37. The overtime wage provision set forth in FLSA Section 207 applies to Defendants as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

38. Throughout Plaintiff's employment as a Store Clerk for Defendants, he was not paid overtime compensation (premiums) for the hours worked in excess of forty (40) per week.

39. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

40. Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing of employees.

41. Plaintiff's primary job duties did not require the exercise of independent discretion and judgment in matters of significance.

42. Plaintiff did not make decisions as an exempt administrator would, nor did he create any policy.

43. Plaintiff did not "manage" a department or manage other employees.

44. Defendants are aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

45. Defendants knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

46. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

47. During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime premiums. Defendants were aware Plaintiff was working over 40 hours routinely to perform his job duties.

48. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half the regular rate of pay, or alternatively a half time premium of his regular rate of pay premium for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

49. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

50. As a direct result of Defendants' violations of the FLSA, Plaintiff

suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

51. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**COUNT II**
**Failure To Maintain True & Accurate Records of Hours Worked**

52. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants.

54. However, and to the extent records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

55. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

56. With respect to an employee subject to the FLSA provisions, the following records must be kept:

a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

b. Hour and day when work week begins;

c. Regular hourly pay rate for any week when overtime is worked;

d. Total hours worked each workday and each workweek;

e. Total daily or weekly straight-time earnings;

f. Total overtime pay for the workweek;

g. Deductions from or additions to wages;

h. Total wages paid each pay period; and

i. Date of payment and pay period covered

57. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See, 29 U.S.C. § 215(a)(5); Also See, *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

58. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966), *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

59. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

60. Defendants failed to accurately and contemporaneously record, track and report the Plaintiff's time and work hours as required under the FLSA and the related DOL regulations.

61. Defendants failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JUSTIN HAMILTON demands judgment against Defendants including the following relief:

a. A judgment finding that Defendants willfully and in bad faith violated the overtime compensation provisions of the FLSA;

b. That the Court award Plaintiff Hamilton overtime compensation and a premium for all the previous hours worked over forty (40) hours in any work week in which he did not receive a premium for all overtime hours worked during the past three (3) years, AND award payment of liquidated damages of an equal amount of the awarded overtime wages; in addition to penalties and interest on said award pursuant to §216 of the FLSA;

c. Payment of his attorneys' fees and costs pursuant to § 216 of the FLSA for all causes of action; and,

d. That the Court issue an order of judgment under 29 U.S.C 216-17, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to

accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendant from further violating the FLSA;

e. That the Court award any other legal and equitable relief as this Court may deem appropriate, including barring any retro-active applications of exemptions and estoppel of affirmative defenses.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated September 19, 2022.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
FB #0080349
**Feldman Legal Group**
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*