# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JUSTIN HAMILTON,

      Plaintiff,

v.                                                Case No:   6:22-cv-1716-PGB-LHP

TAJ SILVER STAR INC., TAJ LEE
INC., TAJ MINTON INC. and KARIM
M. HEMANI,

      Defendants

---

## ORDER
(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL SWORN RESPONSES TO COURT'S INTERROGATORIES (Doc. No. 36)**
>
> **FILED:** February 24, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants move for an order compelling Plaintiff to provide sworn answers to the Court's Interrogatories, as required by the FLSA Scheduling Order, and to file a more complete answer to Interrogatory 7. Doc. No. 36. *See* Doc. No. 15

(FLSA Scheduling Order).  Defendants also request sanctions against Plaintiff for the filing of the motion.  Doc. No. 36, at 4.

As relevant to this dispute, on December 14, 2022, Plaintiff, through counsel, filed answers to the Court's Interrogatories.  *See* Doc. No. 21-1.  Plaintiff's counsel has since withdrawn, and Plaintiff now proceeds *pro se*.  *See* Doc. No. 24.  According to Defendants, Plaintiff's answers to the Court's Interrogatories were incomplete and not signed by Plaintiff or made under oath or penalty of perjury.  Doc. No. 36.  *See* Doc. No. 21-1.  Defense counsel conferred with Plaintiff by telephone on the same day the motion to compel was filed regarding these issues, but Plaintiff "stated that he opposes this Motion and does not intend to file amended responses."  Doc. No. 36, at 3.

Plaintiff has not responded to the motion, and his time for doing so has expired.  *See* Doc. No. 33 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).  *See also* Local Rule 3.01(a).[1]  Accordingly, the Court deems Defendants' motion to be unopposed.  *See id.* (stating that failure to file a timely response *will* result in the discovery motion

---

[1] Given the recent withdrawal of Plaintiff's counsel in this case, in an abundance of caution, the Court waited until the time period provided for a response in Local Rule 3.01(c) expired before ruling on this motion as unopposed.  However, even under this extended period, Plaintiff has failed to timely respond to the motion.

being deemed unopposed). *See also* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed). Plaintiff's *pro se* status does not absolve him from his duty to litigate his case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Upon review, the Court finds Defendants' unopposed motion well taken. The Court further finds Defendants' request for sanctions under Federal Rule of Civil Procedure 37 well taken. Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, Defendants' motion (Doc. No. 36) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **April 3, 2023**, Plaintiff shall serve on Defendants and file with the Court complete, sworn answers to the Court's Interrogatories. *See* Doc. No. 15.

4. On or before **April 3, 2023**, Plaintiff and counsel for Defendants shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendants for the filing of the present motion. The parties shall file a joint notice of the amount agreed upon by **April 10, 2023.** If the parties are unable to reach an agreement by that time, Defendants shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion. That motion shall be filed by **April 17, 2023.**

5. **Failure to comply with this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b)**.

6.      The **Clerk of Court** is directed to mail a copy of the Court's FLSA Scheduling Order (along with its attachments) to Plaintiff, along with a copy of this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties